84        APPELLATE COURTS OF ILLINOIS.

Winslow Bros. Co. v. Robinson et al., 173 Ill. App. 84.

## Winslow Bros. Company, Appellee, v. John C. Robinson and Roy H. Robinson, Trading as J. C. Robinson & Son, Appellants.

### Gen. No. 16,975.

1. BUILDING CONTRACTS—*delay.* Where a sub-contractor delays in the performance of a contract, in which time is stated to be of the essence, it is reversible error to exclude evidence offered by the contractor by way of recoupment showing the loss occasioned thereby.

2. BUILDING CONTRACTS—*recoupment.* Where a sub-contractor brings suit to recover the amount due under his contract in which time of performance was stated to be of the essence and it appears that the contractor sustained damages because of delays, for which he wishes to recoup, it is reversible error to exclude evidence showing that such delays were due to the delays of the subcontractor in the performance of his contract.

3. BUILDING CONTRACTS—*reference of disputes to architect.* Where an architect is to settle any disputes concerning delays arising in the execution of a contract, such agreement has reference only to questions concerning the time when any particular work should be done and not to questions of damages caused by delays.

4. BUILDING CONTRACTS—*refusal of arbitrator to act.* In an action to recover for extra work, under a contract the compensation for which was to be determined by an architect, a jury is justified in finding that the architect declined to act where the evidence does not show that the architect himself had acted but does disclose a letter written by him whereby he declined to act.

5. BUILDING CONTRACTS—*questions for jury.* Where a contract is uncertain as to whether certain work or materials are extras, it is a question for the jury.

Appeal from the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed October 3, 1912. Rehearing denied October 17, 1912.

HOLDON, MANIERRE & PRATT, for appellants; GEORGE W. MANIERRE and THORNTON M. PRATT, of counsel.

DEFREES, BUCKINGHAM, RITTER, CAMPBELL & EATON, for appellees.

MR. JUSTICE MCSURELY delivered the opinion of the court.

On November 16, 1905, the Winslow Brothers Company, hereinafter called plaintiff, entered into a contract with John C. Robinson for the ornamental and miscellaneous iron and bronze work in the new United States Custom House, New York City, Roy H. Robinson afterwards became associated with his father as a partner, the firm doing business under the name of J. C. Robinson & Son hereinafter called defendant. The contract between the parties is as follows:

"This is a memorandum of agreement entered into the 16th day of November, A. D. 1905, by and between John C. Robinson, of Chicago, Illinois, and the Winslow Bros. Company, of Chicago, Illinois:

WITNESSETH: That said Company herein and hereby agrees to furnish said Robinson all the labor and material required to do all ornamental and miscellaneous iron, bronze, etc., erected complete (including any necessary cutting, etc., of material in place) for the U. S. Custom House, New York, N. Y., including as part thereof all work called for from page 3-b to 34-b (inclusive) of the specifications, with the following exceptions:

Structural Steel, pages 3-b to 5-b, inclusive;

Fireproof Vaults, 23-b to 25-b, inclusive;

Steel Bucks and other items on page 26-b and 27-b;

Cover to Ash Lift, page 29-b;

Dumb Waiter, pages 31-b to 34-b;

Mail Chutes, page 34-b,

all work to be in strict accordance with the complete revised plans and specifications of the architect, Cass Gilbert, and performed to the full satisfaction of the architect and supervising architect.

"It is understood that time is an essential feature of this contract, and said company agrees to do all work in such time and manner as not to delay said Robinson in the execution of his contract with the Government, and to accommodate their work to the conditions of the building and the work of the other contractors on the building.

86    APPELLATE COURTS OF ILLINOIS.

Winslow Bros. Co. v. Robinson et al., 173 Ill. App. 84.

"In consideration of said Company performing the work herein agreed to be done by said Company to the full and complete satisfaction of the architect and supervising architect, said Robinson hereby agrees to pay said Company the sum of ninety-five thousand dollars ($95.000) in manner following, to-wit:

"As often as said Robinson shall receive payment from the Government upon the work done by said Company, he shall pay to said Company on receipt of their statement eighty-five per cent (85%) of the value of the work done by said Company on which said Robinson received payment; the remaining fifteen per cent (15%) to be paid to said Robinson to said Company within thirty days after the final approval and complete payment of the work by the Government.

"Said Company furthermore agrees to furnish said Robinson a satisfactory surety bond in the penal sum of forty-eight thousand dollars ($48,000) as a guarantee of said Company performing the work herein specified to be done by said Company.

"It is furthermore understood and agreed that in case any changes, alterations, additions or omissions are made in said Robinson's contract, of and concerning this work herein specified to be done by said Company, that said Company will submit to the same and the supervising architect shall determine what should be equitably added to, or deducted therefrom on account of same.

"In case any dispute or disputes shall arise between said Robinson and said Company, of or concerning the material and workmanship done hereunder, or delays arising in the execution of this contract by said Company, that then said supervising architect is herein granted full power and authority to determine and settle such dispute and acting in good faith his determination shall be conclusive upon both parties.

"In witness thereto, the parties hereto have hereunto affixed their signatures this 16th day of November, A. D. 1905.

"(Signed) JOHN C. ROBINSON,
"THE WINSLOW BROTHERS COMPANY,
"E. S. FECHHEIMER, Treas."

Plaintiff brought suit, claiming a balance due for work done under the contract. The claim is divided into three parts: $95,000 on the original contract; $22,392.50 on four extras; $5,674.13 for certain additions. Various items, amounting to $2,179.95, were abandoned on the trial. Deducting this and all credits leaves a net claim of $17,989.88. The jury found for the plaintiff to the amount of $14,016.52 and judgment was entered thereon, from which the defendant appeals.

On February 13, 1909, a statement of the account, as claimed by the Government, was made by James Knox Taylor, the supervising architect representing the Government, and sent to Cass Gilbert, the architect of the building, as follows:

"February 13, 1909.

"New York; New Cu.

"Mr. Cass Gilbert, Architect,

11 East 24th Street, New York, N. Y.

"SIR:

"Referring to the contract with J. C. Robinson, dated August 30, 1905, for interior finish of the New Custom House Building, New York, N. Y., for which building you are the Architect, I have to advise you that final settlement of said contract was approved by the Secretary of the Treasury under date of the 10th instant, on the following basis:

"That there is deducted from the contract the following items, recommended by you in letter dated February 11, 1908:"

Then follows various items of deductions and allowances, and the letter proceeds:

"That, as recommended in your letter dated February 7, 1908, and Superintendent Greenfield's letter of March 10, 1908, the sum of $12,000 be retained from the contract price with which to complete satisfactorily certain unfinished items existing in the work, with the understanding that the amount remaining, if any, after the completion of said items, be paid the contractor.

88    APPELLATE COURTS OF ILLINOIS.

Winslow Bros. Co. v. Robinson et al., 173 Ill. App. 84.

"And that the provision in the contract stipulating the *per diem* amount of liquidated damages for delay in completing the work be enforced in so far as to charge the contractor for 109 days of said delay, at $420 per day, the amount specified in the contract, making a deduction on this account of $45,780.

"After making the above noted deductions and allowances there remains due the contractor a balance of $5,040, for which amount you will please prepare, certify and issue a voucher, in favor of the contractor, payable from the appropriation 'Custom House, New York, N. Y. Building;' have the same certified by the Superintendent of Construction and signed by the contractor, and presented to the Collector of Customs at New York, N. Y., for payment."

Then follows a statement of account showing a balance due of $5,040. In pursuance of this statement, a voucher was drawn for $5,040 and was tendered to defendant, who declined to accept the same, claiming that there was due it the sum of $109,000.

It is claimed by the defendant that the suit is brought prematurely, as there is no sufficient evidence that the work of plaintiff under its contract has been "performed to the full satisfaction of the architect, Cass Gilbert," or performed "to the full satisfaction of the supervising architect," James Knox Taylor, and that it is entitled under the contract to retain fifteen per cent. of the amount due plaintiff until "after the final approval and complete payment of the work by the Government," which event has not yet taken place. Plaintiff conceding that it was incumbent upon it to prove these things, claims that they have been proven by the evidence. As we have concluded that the case must be remanded on account of error hereinafter described, it would serve no useful purpose to discuss the evidence or the cases cited upon this point. However, as indicating the attitude of the court, we may say that, upon the record before us, both as to the evidence and the rulings of the court, were no other

Winslow Bros. Co. v. Robinson et al., 173 Ill. App. 84.

points involved we would not disturb the judgment of the trial court.

The contract between plaintiff and defendant contains the provision that "it is understood that time is an essential feature of this contract, and said Company agrees to do all work in such time and manner as not to delay said Robinson in the execution of his contract with the Government, and to accommodate their work to the condition of the building and the work of the other contractors on the building." It is claimed by the defendant that the substantial part of the item of "109 days of the delay" for which the Government made a deduction as above described, was caused by the delay of the plaintiff in the execution of its work. Hence, plaintiff having failed in its undertaking, as set out in the provision above, defendant was entitled to introduce evidence showing the damages it suffered by reason of this breach, and to recoup the same against anything due to the plaintiff. The trial court sustained an objection of plaintiff to the introduction of testimony upon this matter, and this ruling is said to be reversible error. The ground of the objection is based upon the clause of the contract which is as follows:

"In case any disputes shall arise between said Robinson and said Company, of or concerning the material and workmanship done hereunder, or delays arising in the execution of this contract by said Company, that then said supervising architect is herein granted full power and authority to determine and settle such dispute and acting in good faith his determination shall be conclusive upon both parties."

It is urged that this agreement to submit all disputes to the supervising architect is a condition precedent to any claim for damages, and that the evidence fails to show any request upon him to act, or any settlement by him of any dispute concerning delays. The trial court apparently agreed with this view of the matter in sustaining plaintiff's objection.

Defendant makes three replies to this contention: 1, that the agreement to submit any dispute to the supervising architect is not a condition precedent unless it is expressly made so in terms in the agreement; 2, that the evidence shows that a request was made upon Taylor, the supervising architect, to settle a dispute under this agreement, and that he declined to act; 3, that in any event no authority is granted by the agreement to determine and settle any question of *damages* arising from delays. We have reached the conclusion that this last point is well taken, and, therefore, any comment on the other points is unnecessary. The particular thing which Taylor was authorized to determine and settle was "any disputes * * * concerning * * * delays arising in the execution of the contract." This clearly means that if during the execution of the work any question should arise as to when any particular work should be done, or concerning its progress and completion, the supervising architect should determine it. Plaintiff was installing ornamental iron and bronze work, which, as to the factor of time in the work of installation, was necessarily dependent upon the progress and condition of other work in the structure. To authorize the supervising architect to control this element of time is quite a different thing from authorizing him to fix the amount of damages as between plaintiff and defendant.

In Stubbings v. World's Col. Expo. Co., 110 Ill. App. 210, the contract involved provided that "in case the parties cannot agree * * * as to the amount of extra time" the decision of "the chief" should be binding; and the court said: "The provisions of the contract referred to do not purport to authorize the chief to determine what, if any, damages the contractor might suffer from such delays."

In Harley v. Sanitary District of Chicago, 107 Ill. App. 546, the provision for arbitration was: "The

chief engineer shall decide every question which may arise between the parties hereto relative to the execution thereof, and his decisions shall be final and binding upon both parties." And the court said: "Whether appellant is liable for the delays sued for, has nothing to do with the execution of the contract. Such 'execution' relates only to the character and amount of work and materials with reference to whether the same were done and furnished in accordance with the contract, looking to its final completion and to payment therefor." To the same effect is Sanitary District of Chicago v. McMahon, 110 Ill. App. 510.

In the cases cited by plaintiff the agreement to arbitrate authorized the arbiter in express terms to fix the amount of damages. Such terms do not appear in the agreement before us, and we cannot broaden it beyond what is clearly expressed.

It also should be noted that Mr. Taylor, in his letter of February 13, 1909, did find that there had been a delay of 109 days, for which defendant was penalized, and if it can be shown that a portion of this delay was caused by the failure of the plaintiff in its agreement "not to delay said Robinson in the execution of this contract with the Government," justice would be done by permitting the plaintiff to make this showing, if it can. We hold that the trial court in refusing to permit the admission of testimony on this point committed reversible error.

Plaintiff also claims to be entitled to compensation for four extra items of work, which the parties call "restored items." It is provided in the contract with reference to such items that "the supervising architect shall determine what should be equitably added * * * on account of same." Much evidence was introduced by the defendant in an attempt to show that the supervising architect had determined the value of such items, but nothing appears which establishes any such finding as the act of the supervising

92    APPELLATE COURTS OF ILLINOIS.

Winslow Bros. Co. v. Robinson et al., 173 Ill. App. 84.

architect himself, who manifestly was the only person with authority so to act. Mr. Taylor's attitude in this regard is shown by a letter from him, written July 26, 1909, in reply to a request that he act under this provision of the contract and determine the value of these four items. In this letter he disclaims any knowledge that he was designated to act, saying, "had I known of such clause at the time, I should have requested both of you to designate some one else for that purpose," and "positively" and finally declined to act in the matter. The jury was therefore justified under the evidence in finding that there had been no determination of the value of these items in the manner contemplated by this clause of the contract, and that a request to the supervising architect to so act had been made and declined. Plaintiff was therefore entitled to recover the reasonable value of such items.

A controversy over the so-called "additional" items or "I-beams" was for the jury to determine from the evidence. The question of whether or not the "I-beams" were included in the original contract was a question of fact properly submitted to the jury. "It is for the jury to determine  *  *  *  whether certain work or materials were extras, where the contract is uncertain in this regard." 6 Cyc. 104, and cases there cited.

In conclusion we feel compelled to say that the undue length of briefs filed on behalf of appellant has made it difficult for the court to discern the salient points involved.

As the cause must be remanded, we do not comment upon the many other suggestions appearing in the briefs.

For the reasons above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*